UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UTICA LEASECO, LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>TYLER LYNCH BROWN and ALISHA COPPEDGE,<br><br>                    Defendants. | CASE NO. C23-1652 MJP<br><br>ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on Plaintiff's Motion for Judgment on the Pleadings. (Dkt. No. 16.) Having reviewed the Motion, Defendants' Opposition (Dkt. No. 18), the Reply (Dkt. No. 19), the Surreply (Dkt. No. 22), and all supporting materials, the Court GRANTS in part and DENIES in part the Motion.

**BACKGROUND**

Plaintiff Utica Leaseco, LLC pursues a breach of guaranty claim against Defendants Tyler Lynch Brown and Alisha Coppedge "individually and the martial community comprised thereof." (Complaint (Dkt. No. 1.) Utica alleges and Defendants agree that Brown, on behalf of

and as president of Terra Northwest, LLC, entered into an equipment Master Lease Agreement with Utica. (Compl. ¶¶ 4, 7-8; Answer ¶¶ 4, 7-8.) Utica also alleges that Brown personally signed a Guaranty and Guaranty Reaffirmation, which obligated him to pay monthly rent, costs, expenses, interest, and attorneys' fees if Terra defaulted on the Master Lease or if Brown defaulted on the Guaranty. (Compl. ¶¶ 20, 22-23, 30-31.) Utica alleges that Brown is in default under the Guaranty and Guaranty Reaffirmation. (Compl. ¶ 48.) Although Defendants deny the alleged default, (see Answer ¶ 48), Brown now admits that he is in default on each Guaranty, (Defs. Opp. at 4). Utica seeks damages in the amount of $458,095.19, along with costs, and attorneys' fees. (Compl. ¶¶ 39-40, 52, 54-57.) Defendants deny that they owe any damages (Answer ¶ 52), and assert an affirmative defense that Utica failed to mitigate its damages (id., Additional Defenses ¶ 2).

Utica now moves for judgment on the pleadings, and asks the Court to enter judgment against Defendants on its breach of guaranty claim and to award it damages of $1,758,095.19 plus: (1) post-default interest; (2) attorneys' fees; and (3) costs, less the amount it recovered from the sale of the underlying equipment. (Mot. at 5.) In its Reply, Utica clarifies it seeks $458,095.19, which it believes reflects the amount it recovered from the sale of the equipment. (Reply at 2.) Defendants oppose entry of judgment against Coppedge, noting that she did not sign either Guaranty. And Defendants oppose entry of judgment as to damages, pointing out that their affirmative defense remains to be vetted.

## ANALYSIS

**A.      Legal Standard**

A party moving for judgment on the pleadings pursuant to Rule 12(c) must "clearly establish[] on the face of the pleadings that no material issue of fact remains to be resolved and

that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Id.; see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1053 (9th Cir. 2011).

**B.    Utica Entitled to Partial Judgment on the Pleadings**

Utica is entitled to partial judgment on its breach of guaranty claim against Brown individually. Brown has admitted that he signed the Master Lease and Equipment Schedule as president of Terra and that he signed the Guaranty and Guaranty Reaffirmation in his personal capacity. (Answer ¶¶ 7, 18-19, 30.) Brown has admitted the Master Lease, Equipment Schedule, Guaranty, and Guaranty Reaffirmation are valid and enforceable contracts. (Id. ¶¶ 42-45.) Brown also concedes in his opposition brief that he is "in default under the guaranty." (Defs. Opp. at 4.) Given these allegations and admissions, the Court finds that Utica is entitled to and GRANTS partial judgment on the pleadings in Utica's favor on its claim that Brown is in default of the Guaranty and Guaranty Reaffirmation.

But, the Court finds that Utica is not entitled to judgment on the claims against Coppedge, individually. Utica's Complaint names Coppedge as Terra's registered agent and Brown's wife, while the caption identifies her as a party "individually," and as a party to Brown's "marital community." (See Compl. Caption.) Utica does not allege that Coppedge personally signed either Guaranty or the lease agreement. The Complaint alleges only that Brown signed the Guaranty and Guaranty Reaffirmation personally "on behalf of this marital community." (Compl. ¶¶ 2, 19, 30; Answer ¶¶ 2, 19, 30.) Given that there are no allegations that Coppedge personally signed the lease or guaranty, Utica has no claims against her in her

individual capacity. See Max L. Wells Tr. by Horning v. Grand Cent. Sauna & Hot Tub Co. of Seattle, 62 Wn. App. 593, 604 (1991) (holding that claims against spouses who did not sign a lease that their spouses signed could not be held individually liable for breach of contract). As Utica concedes in its reply, the claims against Coppedge are only proper insofar as they are asserted against the marital community of Coppedge and Brown, not against Coppedge individually. (Reply at 1-2.) Utica is therefore not entitled to judgment on the pleadings against Coppedge personally.

In its reply, Utica newly requests the Court enter judgment against the "Brown-Coppedge marital community," rather than against Coppedge. (Reply at 2.) As Defendants point out, Utica did not request this relief in its Motion or initial proposed order. Instead, Utica improperly proposed this request for the first time in its Reply. The Court need "not consider arguments raised for the first time in a reply brief." See Zamani v. Carnes, 491 F.3d 990, 997 (2007). Here, the Court STRIKES Utica's improperly-raised request for entry of judgment against the marital community, as it was not properly raised and argued in the Motion, and because Defendants were not given an opportunity to respond to its substance.

Additionally, the Court finds that Utica is not entitled to any relief on the request for entry of judgment as to damages, costs, or attorneys' fees. Defendants have denied that they owe damages to Utica, including attorneys' fees and costs. (Compl. ¶ 40; Answer ¶ 40.) Under Ninth Circuit precedent, "the allegations of the moving party which have been denied are assumed to be false." Hal Roach, 896 F.2d at 1550. Accordingly, the Court cannot enter judgment on an allegation of damages that it must assume to be false. See id. Additionally, entry of judgment as to damages would be improper where Defendants have presented an affirmative defense that Utica failed to mitigate its damages. (Answer, Additional Defenses ¶ 2.) Any award of damages

would be improper before resolution of this affirmative defense. The Court therefore DENIES this requested relief.

The Court also STRIKES Utica's argument that Defendants have waived any ability to assert a mitigation defense. Utica only made this argument in its Reply, which was improperly raised for the first time in reply. See Zamani, 491 F.3d at 997. Substantively, it also cannot be squared with Utica's representation in its Motion that because "Defendants challenge Utica's efforts to mitigate its damages" the "affirmative defense is outside the scope of Utica's motion[.]" (Mot. at 2 n.1.) Having represented that mitigation could not be decided, Utica cannot now in good faith ask the Court to strike the affirmative defense in the Reply brief. The Court therefore STRIKES this request, which was not properly raised and which marks an inacceptable practice of presenting new arguments in a reply brief.

## CONCLUSION

Utica has demonstrated a right to judgment on the pleadings only as to its breach of guaranty against Brown, individually. On this limited basis, the Court GRANTS the Motion. The Court otherwise DENIES the Motion as to Coppedge, the marital community, and as to damages. Those issues remain to be litigated, including Defendants' affirmative defenses.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 4, 2024.

Marsha J. Pechman
United States Senior District Judge