UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UTICA LEASECO, LLC, | CASE NO. C23-1652 MJP |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| TYLER LYNCH BROWN and ALISHA COPPEDGE, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Utica Leaseco, LLC's Motion for Partial Summary Judgment. (Dkt. No. 24.) Having reviewed the Motion, Defendants' Response (Dkt. No. 26), the Reply (Dkt. No. 27), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

Utica pursues a breach of guaranty claim against Defendants Tyler Lynch Brown and his marital community with Alisha Coppedge (the Court refers to Brown and his marital community as "Defendants"). (Complaint (Dkt. No. 1).) The Parties agree that Terra Northwest, LLC entered

into an equipment Master Lease Agreement with Utica, and that Brown signed the agreement on behalf of Terra as its President. (Compl. ¶¶ 4, 7-8; Answer ¶¶ 4, 7-8.) Utica also alleges that Brown personally signed a Guaranty and Guaranty Reaffirmation (together "Guarantees"), which obligated him to pay monthly rent, costs, expenses, interest, and attorneys' fees if Terra defaulted on the Master Lease or if Brown defaulted on the Guarantees. (Compl. ¶¶ 20, 22-23, 30-31.) Brown admits Terra is in default and that he, too, is in default on each Guaranty. (Defs. Opp. to MTD at 4.) But Brown asserts an affirmative defense that Utica failed to mitigate its damages. (Answer, Additional Defenses ¶ 2.)

Utica now moves for partial summary judgment, arguing that Defendants waived their right to assert any affirmative defense, including as to mitigation. Utica relies on the following language from the Guarantees:

> Lessor [Utica] may, at Lessor's election, foreclose on any security held by Lessor, and sell, lease, transfer or otherwise deal with such Equipment, by one or more judicial or nonjudicial sales, without affecting or impairing in any way the liability of Guarantor [Brown]. Guarantor waives any defense arising out of any such election by Lessor, even though such election operates to impair or extinguish any right of reimbursement or subrogation or other right or remedy of Lessor against Lessee [Terra] or any security. . . . For example, if Lessor elects to take back and sell the Equipment through a nonjudicial sale, Guarantor gives up any potential defenses by agreeing to the foregoing waivers.

(Ex. A to the Declaration of Renate LaCroix at 21-22 § 3 (Dkt. No. 25-1).) Based on this language, Utica argues that Defendants "waive[d] any defense arising out of any such election by Lessor," where an "election" includes the sale, lease, or transfer of the equipment. Defendants argue that this waiver is ineffective because it did not explicitly list "mitigation" as one of a "defense[]" waived.

Utica also seeks an order finding that Defendants owe $458,095.15, which is the total due under the Guarantees after deducting the $1.3 million Utica recovered through the sale of the

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

equipment. Though not presently before the Court, Utica seeks an award of post-default interest, costs, and attorneys' fees.

**ANALYSIS**

The narrow question before the Court is whether the waiver provision in the Guarantees applies to Defendants' mitigation defense. The Court agrees with Utica that Defendants have waived this defense.

Because the Guarantees have a choice of law provision requiring application of Michigan law, the Court reviews Michigan law as to the enforceability of the waiver. Under Michigan law "a waiver must simply be explicit, voluntary, and made in good faith" to be enforceable." Sweebe v. Sweebe, 474 Mich. 151, 157, 712 N.W.2d 708, 712 (2006) (noting that there are no "magic words" that need to be included for a waiver to be effective). Additionally, under Michigan law, when interpreting a contract, it "should be read as a whole, with meaning given to all of its terms." Detroit Pub. Sch. v. Conn, 308 Mich. App. 234, 252, 863 N.W.2d 373 (2014). Moreover, it "must be interpreted according to its plain and ordinary meaning." Wells Fargo Bank, NA v. Cherryland Mall Ltd. P'ship, 300 Mich. App. 361, 386, 835 N.W.2d 593 (2013) (quotation marks and citation omitted).

The waiver provision in the Guarantees forecloses Defendants' ability to present a mitigation defense. Under the Guarantees, they agreed to "waive any defense arising out of" Utica's decision to sell the equipment. (Dkt. No. 25-1 at 21-22.) In relevant part, the Guarantees state: "Guarantor [Brown] waives any defense arising out of any such election by Lessor [Utica], even though such election operates to impair or extinguish any right of reimbursement or subrogation or other right or remedy of Lessor [Utica] against Lessee [Terra] or any security." (Id.) The Guarantees then explain that "[f]or example, if Lessor elects to take back and sell the

1  Equipment through a nonjudicial sale, Guarantor gives up any potential defenses by agreeing to

2  the foregoing waivers." (Id. at 22.) Taken together, these provisions explicitly and

3  unambiguously constitute Defendants' waiver of any defense, including a mitigation defense.

4  And there is no evidence that Brown entered into the agreement involuntarily or that there is bad

5  faith. The Court therefore GRANTS the Motion and finds that Defendants waived the mitigation

6  defense.

7        The Court finds no merit in Defendants' argument that the waiver is ineffective as to the

8  mitigation defense because it does not specifically mention "mitigation" as a waived defense.

9  Under Defendants' reading, the Guarantees' waiver of "any defense" has no effect unless it also

10  names a specific kind of defense. But with no subset of "defenses" listed in the waiver, this

11  construction would gut the provision and render the term "any defense" meaningless. Any

12  guarantor could simply argue the waiver did not apply to the specific defense they wished to

13  assert because the term "any defenses" did not also list their chosen defense. And this argument

14  would apply to any potential defense, effectively making the Guarantees' use of the

15  unambiguous term "any defenses" a nullity. This runs afoul of both logic and Michigan law,

16  which instructs the Court to give meaning to all of a contract's terms. See Conn, 308 Mich. App.

17  at 252. The Court therefore rejects Defendants' argument.

18        In light of the Court's determination that Defendants cannot assert a mitigation defense, it

19  also finds that Utica is entitled to partial summary judgment as to Defendants' liability, the

20  amount owed, as well as Utica's entitlement to post-default interest, attorneys' fees, and costs.

21  Defendants have not challenged this aspect of the Motion, and the record here supports an award

22  of $458,095.19, plus post-default interest, attorneys' fees, and costs. The Court therefore

23  GRANTS this aspect of the Motion and finds that Defendants are liable for $458,095.19, plus

24

post-default interest, attorneys' fees, and costs. But because Utica has not identified the specific amount of post-default interest it seeks, nor its attorneys' fees and costs incurred, the Court cannot grant any more specific relief on the record before it. Any demand for the amounts due for post-default interest, attorneys' fees, and costs will need to be resolved by separate motion.

## CONCLUSION

Utica has presented a reasonable and persuasive construction of the Guarantees' waiver provision. The Court agrees with Utica's position and finds that Defendants cannot assert a mitigation defense in this action. The Court also finds that Utica is entitled to $458,095.19 in damages, as well as post-default interest, attorneys' fees, and costs. On these two grounds, the Court GRANTS the Motion and enters partial summary judgment in Utica's favor. While Utica is also entitled to post-default interest, attorneys' fees, and costs, the Court cannot determine what specific sums are due on the record before it. Any demand for the amounts due for post-default interest, attorneys' fees, and costs will need to be resolved by separate motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 27, 2024.

Marsha J. Pechman
United States Senior District Judge