UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UTICA LEASECO, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>TYLER LYNCH BROWN and ALISHA COPPEDGE,<br><br>                Defendants. | CASE NO. C23-1652 MJP<br><br>ORDER GRANTING MOTION TO DISMISS AND FOR INTEREST, FEES, AND COSTS |

This matter comes before the Court on Plaintiff's Motion to Dismiss Alisha Coppedge and for Post-Default Interest, Attorneys' Fees, and Costs. (Dkt. No. 35.) Having reviewed the Motion that Defendants did not oppose, the Reply (Dkt. No. 40), and Defendants' counsel's response to the Court's Order to Show Cause (Dkt. No. 44), the Court GRANTS the Motion.

First, the Court GRANTS Plaintiff's request to dismiss the claims against Alisha Coppedge. This relief is consistent with the Court's order on Plaintiff's Rule 12(c) motion, and the Court sees no reason why this unopposed request for dismissal is inappropriate. (Dkt. No. 23.)

| | |
|---|---|
| 1 | Second, the Court GRANTS Plaintiff's unopposed request for post-default judgment to |
| 2 | be set at a rate of 18% per annum on the $485,095.19 damages award that was reduced to |
| 3 | judgment. The requested interest rate is set forth in the Master Lease and appears permissible |
| 4 | under Michigan law, which places a cap at 25% per annum. See Master Lease § 16(c) |
| 5 | (Declaration of Patrick Jordan Ex. 2 (Dkt. No. 36)); MCL 450.1275; MCL 449.1109; MC |
| 6 | 438.41. The Court does not separately approve Plaintiff's requested daily interest rate of |
| 7 | $225.90, as Plaintiff has not provided any supporting materials the Court could review to |
| 8 | confirm the accuracy of the request. Indeed, the Court has not been able to verify the amount |
| 9 | Plaintiff requests by independent calculation. As such, the Court merely awards the annual |
| 10 | interest rate. Should Plaintiff wish to renew a request for a daily interest amount, it will need to |
| 11 | provide supporting information to allow for independent verification. |
| 12 | Third, the Court GRANTS Plaintiff's request for attorneys' fees and non-taxable costs. |
| 13 | The Court finds that the billing rates are reasonable and in line with those charged within this |
| 14 | legal community. Specifically, the Court approves the $525/hour rate for the partners who |
| 15 | worked on this matter, $475/hour for senior counsel who worked on this matter, and $225/hour |
| 16 | for the paralegal who worked on this matter. (See Jordan Decl. ¶ 5; Declaration of Sarah Haddix |
| 17 | (Dkt. No. 37).) The Court also finds the hours expended were reasonable to reach the result |
| 18 | obtained. And the Court finds that the non-taxable costs of $361.61 are reasonable and should be |
| 19 | reimbursed. Together, the Court GRANTS Plaintiff's request for an award of $50,476.50 in fees |
| 20 | and $361.61 in costs. |
| 21 | Lastly, the Court notes that counsel for Defendants have responded to the Court's Order |
| 22 | to Show Cause. (Dkt. No. 44.) In its Order to Show Cause, the Court asked counsel why they did |
| 23 | not file an opposition to Plaintiff's Motion and instead sought to withdraw, and how doing so |
| 24 | |

was consistent with RPC 1.3. (Dkt. No. 42.) Though counsel did not file a supporting declaration, the response brief explains that, in their professional judgment, counsel believed filing an opposition to Plaintiff's Motion was "an unwise use of Defendants' resources." (Dkt. No. 44 at 1-2.) Counsel also explains that they told their clients they would not file an opposition to Plaintiff's Motion unless Defendants paid their balance due. Receiving no response, counsel then filed no opposition. And consistent with their warning to Defendants, counsel then moved to withdraw. But after the Court issued the Order to Show Cause, Counsel withdrew their motion to withdraw from representing Defendants. (Dkt. No. 43.) The Court accepts counsel's representation that they did not believe a response to Plaintiff's Motion was a wise use of their clients' resources. That said, the Court believes that counsel should have filed a notice of non-opposition (which required virtually no time) and then sought to withdraw. Doing so would have shown greater adherence to the letter and spirit of RPC 1.3. Nevertheless, the Court does not find evidence here of a violation of RPC 1.3. And because counsel no longer seeks to withdraw, the Court passes no judgment on whether such a request is proper.

## CONCLUSION

The Court GRANTS Plaintiff's Motion and AWARDS: (1) $50,476.50 in attorneys' fees; (2) $361.61 in non-taxable costs; and (3) post-default interest at a rate of 18% per annum on the $485,095.19 judgment.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 4, 2024.

Marsha J. Pechman
United States Senior District Judge